The opinion of the Court was delivered by
O’Neall, J.
The question in this case is so important to the due and proper administration of justice, that it may make it proper to give it a little fuller examination than the case other *52 wise would seem to justify. For that the witness could not be believed by Judge or jury, has not been denied by the zealous, persevering counsel who brings up the appeal. Cui bono, might well be asked, should the competency of such a witness be urged?
But being urged, makes the necessity of a decision, and the monstrous proposition, that a witness hired to testify, should'be allowed to be sworn, makes it necessary to vindicate the exclusion of the witness below.
Evidence is defined to be that which makes a matter in dispute clear, evident. Plow can that be done by a witness, who is hired to testify for a party ? Belief cannot be given to one so circumstanced, and hence such evidence ought not to be given.
The reason, why interest excludes a witness, is, because of the weakness of our nature ; it might tempt one to swear falsely : and hence belief cannot be legally given to one, who has the slightest legal interest in the event of the suit. If this be so, does not reason, common sense, prudence and justice, plainly declare, that one, who has either pocketed the bribe, or expects to receive it, (although he may not be legally able to do so,) should not, for the same reason, be allowed to testify ? I think so, and if there has been no rule of exclusion, heretofore, sufficient to drive such an one from the stand, I would make it now.
But it seems to me, there is really no difficulty in the matter, on authority. There is no doubt, that to exclude a witness, he must have a direct interest in the event of the suit, or in the record, as matter of evidence for him hereafter. I do not understand, that in every case the Court is to decide, that the interest arises out of a certain, en forcible legal demand. If the witness has made a contract, which he believes will give him money, in the event of the suit, and hence that upon its determination, the record will be evidence for him, I think he is at once excluded by the very nature of his contract. For it may be, that he will receive the reward of his corrupt bargain without a resort to legal remedies, and hence his interest will be realized: — but if he has to sue, will not the record be evidence for him ? No one can doubt it. It does not follow under the rule, that it must *53 avail him. It may be, after it has been received, that the record will be thrown at his head, and he will be told to depart with both it and himself, soiled by infamy. Still it was evidence for him, in a case in which he could not succeed.
I am very well aware that the tendency of Courts is to narrow the objections to competency, and to place many which were once allowed, now, in the scales of credibility. Still I think it will be hard to find any case, or dictum, which would make the witness in this case competent, and leave his credit to the jury.
The case of the City Council vs. Weikman, 1 Rich; 240, is the case mainly relied upon by the plaintiff. There the defendant was prosecuted by a City Marshal, and according to the City Ordinance, he was entitled, on convicting the defendant by evidence, other than his own, to half the penalty. The witness was also a Marshal, and by agreement with the prosecutor, was to share with him the penalty, if the defendant was convicted. He was objected to, and released his interest. Notwithstanding this the Recorder held, he was not competent. The Court of Appeals held, that the witness was competent: but in so holding, they did not affirm, if there had been no release he would have been.
The case of Me Veaugh vs. Goods, 1 Dali. 62, fully sustains our ruling in this case: indeed it goes quite beyond it, and farther, perhaps, than I would be willing to go. For there the witness merely expected some compensation from the plaintiff's generosity, although he had no certain promise of the kind. The witness was excluded as interested..* The rule laid down by the Court in that case, that “ it nearly concerns the administration of justice, that witnesses should be free from every kind of bias,” is directly applicable to this case, and fully meets my approbation.
In Garde on Evidence, p. 8, (which is an excellent compendium of the rules and principles of evidence,) it is stated: “ Where one of the parties in the action promises to give the witness a lease of the property, should he succeed in recovering, *54 this disqualifies.” This is precisely the case before us. For here money is promised, in the event of the plaintiffs’ success. The motion is dismissed.
Frost, Withers and Whitner, JJ., concurred.
Wardlaw, J.
I think the objection should have gone to the credibility of the witness.

Motion dismissed.